METRIC CONSTRUCTORS, INC., Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 00–5055.

United States Court of Appeals, Federal Circuit.

March 20, 2001.

Before LOURIE and DYK, Circuit Judges, PLAGER, Senior Circuit Judge.

DECISION

PER CURIAM.

Metric Constructors, Inc. appeals from the decision of the United States Court of Federal Claims granting summary judgment in favor of the government on Metric's claim to recover expenses it incurred while working on the plumbing and air ventilation systems of the Kennedy Space Center Space Station Processing Facility under a contract with the National Aeronautics and Space Administration. *Metric Constructors, Inc. v. United States,* Nos. 96–72C, 96–73C (Fed.Cl. Jan. 20, 2000); 44 Fed. Cl. 513 (1999). Because the Court of Federal Claims did not err in granting summary judgment, we *affirm.*

DISCUSSION

In support of its contention that the Court of Federal Claims erred in granting summary judgment in favor of the government on its claim to recover expenses for having to insulate the heat pumps and install flexible connectors, Metric makes two primary arguments. First, Metric argues that it was not obligated to insulate the heat pumps in the plumbing system because, under a particular provision of

the contract, insulation was required only for those "surfaces subject to condensation," which excludes heat pumps. Second, Metric contends that the Court of Federal Claims misunderstood the technical nature of the flexible connectors when it required those connectors to possess a specific thermal conductivity.

The government responds that numerous provisions in the contract expressly require insulation of the heat pumps, and therefore that Metric's reading of the "surfaces subject to condensation" language would render those provisions superfluous. The government also argues that Metric's flexible connector argument should not be considered because Metric raised this argument for the first time in its request for rehearing at the Court of Federal Claims.

After reviewing the parties' arguments, the record, and the well-reasoned and thorough opinion of the Court of Federal Claims, we affirm the decision of that court for the reasons stated in its opinion.